CARPENTER v. BUNKE.

Opinion delivered October 25, 1920.

FORCIBLE ENTRY AND DETAINER — JUDGMENT BY DEFAULT ENTERED WHEN.—In an action of forcible entry and detainer, where the court quashed the writ of possession and declared defendant to be in possession of the premises, and defendant thereupon refused to answer, judgment was properly entered for plaintiff, as in other cases of default; no damages having been claimed or awarded.

Appeal from Clay Circuit Court, Eastern District; *R.'H. Dudley,* Judge; affirmed.

*E. G. Ward,* for appellant.

Where an action of unlawful detainer is dismissed by the court, or withdrawn by plaintiff, defendant is entitled to judgment for restitution. 9 Ark. 441; 10 *Id.* 476; 14 *Id.* 224; 8 *Id.* 353.

*W. E. Spence* and *Frank Weldin,* for appellee.

There was no error in not issuing an order of restitution upon quashing the writ of possession when the case itself was neither abated, dismissed nor withdrawn. Appellant by refusing to answer or make any defense whatever has evidently elected to stand upon this one issue in preference to going to trial on the merits of the case. He stands upon the record as he has filed no bill of exceptions, and the record does not show that he ever requested restitution. The pleadings of appellee and the processes herein comply with our statute. Kirby's Digest, §§ 3634-5. The pleadings were discussed before the court and their nature well understood by all parties to the cause. 74 Ark. 93; 93 *Id.* 371; 96 *Id.* 163; 102 *Id.* 287.

Unless immediate possession of the premises is asked by plaintiff, the statutory bond and affidavit are not required and may be dispensed with by the plaintiff and the action proceeded with as in other cases. Kirby's Dig., § 3651; 40 Ark. 38. Appellant is treating the quashing of the writ of possession as a final disposition of the case and has backed off from further pleading or procedure and now asks the court to invest him with possession of the premises where on final hearing the court adjudged that plaintiff was entitled to the possession. Appellant was not entitled to possession but appellee was. Kirby's Dig., § 3644; 62 Ark. 469; 11 R. C. L., p. 1181, par. 38.

SMITH, J. This is an action of forcible entry and detainer, and the appeal is from the following judgment:

"This cause coming on to be heard, comes the plaintiff by his attorneys, Frank Weldin and W. E. Spence,

also comes the defendant by his attorneys, Ward & Ward. The defendant having filed his motion to quash the writ herein and the said motion coming on for hearing, and the court, being fully advised, doth sustain said motion and quashes the writ issued in this cause, whereupon the court declares the defendant to be in possession of the premises involved in this action, towit:

"The southeast quarter of the southeast quarter of section twenty-nine, township twenty north, range nine east, and the cause is set for trial.

"The defendant, although given permission to file his answer, and cross-complaint and try the cause, refused so to do, wherefore the court finds for the plaintiff for the possession of said premises.

"It is therefore, by the court, considered, ordered and adjudged that the plaintiff, Dick Bunke, do have and recover of and from the defendant, J. J. Carpenter, the possession of the southeast quarter of the southeast quarter of section twenty-nine, township twenty north, range nine east, and the plaintiff pay all costs herein expended, for which execution may issue."

It does not appear upon what ground the court quashed the writ of possession, as there is no bill of exceptions in the case; but it does appear, from the judgment itself, that "the court declared the defendant to be in possession of the premises" after quashing the writ. So that thereafter the cause stood on the docket as one in which the plaintiff was asking the restoration of premises wrongfully taken and held by the defendant, and, defendant refusing to answer, judgment was properly rendered as in other cases of default—no damages having been claimed or awarded.

Counsel for appellant cite cases to the effect that where an action of forcible entry or unlawful detainer is dismissed by the court or withdrawn by the plaintiff, the defendant is entitled to judgment for restitution. But this action was neither dismissed by the court nor withdrawn by the plaintiff, and there was an order that he be declared in possession of the premises; but quashing the

writ was not decisive of the merits of the case. This is true because the action could have been brought, and the right of possession adjudicated, if no writ of possession had issued. It is expressly so provided by statute. Section 3651, Kirby's Digest.

Judgment affirmed.